**Soward v. Sheakley**
*[Cite as 3 AOA 10]*

*Case No. C-880645*
*Hamilton County (1st)*
*Decided May 23, 1990*

*McIntosh, McIntosh & Knabe and Thomas A. Mack, Esq., 3312 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202, for Defendant-Appellee Raymond Sheakley & Associates, Inc.*

*Dinsmore & Shohl, Frank C. Woodside III, Esq., and Nancy C. Cody, Esq., 2100 Fountain Square Plaza, 511 Walnut Street, Cincinnati, Ohio 45202, for Defendant-Appellee Children's Hospital Medical Center.*

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket and journal entries, the original papers and pleadings from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the assignments of error, the briefs and the arguments of counsel.

Weston Soward, deceased, was an employee of Children's Hospital Medical Center ("CHMC") in February 1981, when he suffered a back injury for which he received workers' compensation as ordered by the Industrial Commission of Ohio. At all times relevant herein, CHMC was a self-insured employer under a contract with Raymond Sheakley & Associates, Inc. ("Sheakley") for Sheakley to administer the worker's compensation benefit plan of CHMC. Temporary total disability was paid to Weston Soward from the date of the original award. On November 8, 1982, Dr. Bert McBride, the attending physician for Weston Soward, certified that Soward's temporary total disability continued to exist and the doctor forecast a return to light-duty work on January 1, 1984.

Thereafter, on December 15, 1983, Sheakley requested that Dr. McBride again certify the physical condition of Mr. Soward. On December 28, 1983, Mrs. Soward informed Sheakley that Dr. McBride was out of town until after the first of the new year. She requested and was given authority to submit the form from the family physician as an interim measure, to continue the compensation until Dr. McBride returned to file the attending physician's certification. The form from the family physician was received, but no form was received from Dr. McBride. On January 12, 1984, Sheakley again requested that Dr. McBride submit a certificate of Soward's continuing disability. Dr. McBride replied on January 16, 1984, that he had not seen Mr. Soward since November 1982. Sheakley then advised Mr. Soward that because there was no attending physician's report to substantiate Soward's alleged continuing disability, no further compensation would be paid unless the Bureau of Workers' Compensation ordered reinstatement.

Mr. Soward requested that benefits be reinstated and a hearing on his request was held before the Bureau of Workers' Compensation on September 25, 1984. Before a decision was announced, however, Weston Soward apparently committed suicide; his body was found on October 12, 1984, bearing a gunshot wound.

This action was commenced on April 10, 1986, when Elaine L. Soward, administratrix of the estate of Weston Soward, deceased, filed a complaint against Sheakley and CHMC. [1] The complaint alleged that CHMC and Sheakley wrongfully terminated Weston Soward's workers' compensation benefits, causing him to experience severe emotional distress and later causing him to commit suicide. CHMC filed a motion for summary judgment, and plaintiffs filed a motion for partial summary judgment. The trial court overruled the plaintiffs' motion for partial summary judgment and granted the motion of CHMC for summary judgment. The remaining claim against Sheakley proceeded to a jury trial and was terminated by a directed verdict in favor of Sheakley at the close of the plaintiffs' case. [2] This timely appeal by the administratrix and the ancillary administrator ("appellants") followed.

In their first assignment of error, appellants contend that the trial court erred in granting

CHMC's motion for summary judgment and in denying appellants' motion for partial summary judgment. In the second assignment of error, appellants allege that the trial court erred in granting Sheakley's motion for a directed verdict. We find both assignments of error to be without merit.

Appellant's cause of action is based upon the alleged wrongful termination of Weston Soward's workers' compensation payments. This cause of action was first recognized in *Balyint v. Arkansas Best Freight Sys., Inc.* (1985), 18 Ohio St. 3d 126, 480 N.E.2d 417, the syllabus of which provides that "[a]n employee of a self-insured employer may maintain a cause of action against the employer for the intentional and wrongful termination of workers' compensation payments." In order to obtain relief, the employee must prove that the defendants both intentionally and wrongfully terminated his workers' compensation benefits. Thus, in this case it must be shown that Weston Soward was entitled to continued workers' compensation benefits and that CHMC and Sheakley terminated the benefits without justification.

R.C. 4123.56(A) governs the payment of temporary disability compensation and provides in pertinent part that "[i]n the case of an employer who has elected to pay compensation direct, payments shall be for a duration based upon the medical reports of the attending physician." In this case, the evidence submitted both on the motions for summary judgment and at trial is undisputed that the attending physician, Dr. McBride, could not provide the medical report necessary for the continuation of Weston Soward's benefits because McBride had not seen Soward in over a year. Appellants' argument that other physicians were willing to certify Soward's alleged continued disability is not persuasive because under the Code the only basis for the continuation of benefits is the report of the "attending" physician. An employee has the right to make a written request to change physicians at any time, see Ohio Adm. Code 4123-7-11, but Soward did not make such a request.

We therefore conclude from the record before us that CHMC and Sheakley justifiably discontinued Weston Soward's workers' compensation benefits. With respect to the first assignment of error concerning CHMC, we determine that there are no genuine issues of material fact and that CHMC is entitled to judgment as a matter of law. See Civ. R. 56. With respect to

the second assignment of error and Sheakley, we determine that reasonable minds could only conclude from the evidence submitted at trial that the termination of benefits was not wrongful and that a directed verdict was properly entered for Sheakley. See Civ. R. 50(A)(4).

The two assignments or error are therefore overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., KLUSMEIER and UTZ, JJ.

---

[1] An amended complaint was later filed naming as an additional party plaintiff the ancillary administrator of the estate of Weston Soward. The original complaint had named Mrs. Soward as administratrix of the estate but she, a Kentucky resident, had been appointed in that state and not in Ohio. The naming of the ancillary administrator, appointed by the Ohio court, was the major change reflected in the amended complaint.

[2] A third defendant, United Investigate Services, Inc., was added as a defendant in plaintiffs' second amended complaint but the record does not indicate any effort to obtain service upon that organization or any waiver of service and voluntary appearance in this case. In any event, the record does contain a notice of dismissal on October 3, 1988, of United Investigative Services, Inc., pursuant to Civ. R. 41(A)(1)(a). None of the parties has questioned this dismissal, notwithstanding the commencement of the trial on September 26, 1988.